1  John L. Antracoli (State Bar No. 130829)
   jantracoli@rutan.com
2  Allison G. Marrazzo (State Bar No. 244426)
   amarrazzo@rutan.com
3  RUTAN & TUCKER, LLP
   Five Palo Alto Square
4  3000 El Camino Real, Suite 200
   Palo Alto, CA 94306-9814
5  Telephone:   650-320-1500
   Facsimile:   650-320-9905
6
   Attorneys for Plaintiff
7  BRUCE W. FENNIE

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11 BRUCE W. FENNIE, an individual,          Case No. _____

12          Plaintiff,                       **COMPLAINT FOR:**

13      v.                                    1. **BREACH OF CONTRACT --
                                                SEPTEMBER 2008 NOTE**
14 E-FUEL CORPORATION, a California           2. **BREACH OF CONTRACT -
   corporation,                                 MARCH 2009 NOTE**
15
           Defendants.
16  _____          **DEMAND FOR JURY TRIAL**

17

18       For his complaint, plaintiff Bruce W. Fennie ("Fennie" or "Plaintiff") alleges

19 against defendants, and each of them, as follows:

20                    **JURISDICTION AND VENUE**

21       1.      This Court has jurisdiction under 28 U.S.C. section 1332 because Plaintiff

22 and defendants are citizens of different states, and the matter in controversy exceeds

23 $75,000, exclusive of interest and costs.

24       2.      Venue is proper in the Northern District of California under 28 U.S.C.

25 section 1391(b) and (c) because defendant resides in this judicial district, a substantial part

26 of the events, omissions and acts that are the subject matter of this action occurred within

27 the Northern District of California, and defendant is subject to personal jurisdiction and

28 may be found in this district.

Rutan & Tucker, LLP
*attorneys at law*

**PARTIES**

3.     Fennie is, and at all relevant times alleged herein was, an individual domiciled in the State of New York.

4.     Plaintiff is informed and believes, and on that basis alleges, that defendant E-Fuel Corporation ("E-Fuel") is, and at all relevant times was, a California corporation, with its principal place of business in Santa Clara County.

**GENERAL ALLEGATIONS**

5.     On or about September 5, 2008, Fennie and E-Fuel executed a Convertible Promissory Note (the "September 2008 Note"), whereby E-Fuel promised to repay to Fennie the sum of $250,000.00 with interest accruing thereon beginning September 5, 2008. A true and correct copy of the September 2008 Note is attached and incorporated herein as **Exhibit A**. Pursuant to the September 2008 Note, in exchange for value received, E-Fuel agreed to pay per annum interest on the principal of $250,000.00 at a rate of 4 percent.

6.     The entire amount of the principal and accrued interest thereon under the September 2008 Note would convert to:  (a) preferred E-Fuel shares at the time of E-Fuel's next equity financing, provided that such equity financing occurred on or before the "Maturity Date;" (b) to preferred E-Fuel shares at the election of E-Fuel effective on the "Maturity Date;" or (c) to common shares of E-Fuel upon the acquisition of E-Fuel prior to the "Maturity Date." Absent conversion of the September 2008 Note as set forth above, all principal and accrued but unpaid interest thereon would become due and payable on the "Maturity Date," defined as six months from the date of the September 2008 Note.

7.     On or about March 17, 2009, Fennie and E-Fuel executed a second Convertible Promissory Note (the "March 2009 Note"), whereby E-Fuel promised to repay to Fennie the sum of $100,000.00 with interest accruing thereon beginning March 17, 2009. A true and correct copy of the March 2009 Note is attached and incorporated herein as **Exhibit B**. Pursuant to the March 2009 Note, in exchange for value received, E-Fuel agreed to pay per annum interest on the principal of $100,000.00 at a rate of 4 percent.

1      8.    The entire amount of the principal and accrued interest thereon under the

2 March 2009 Note would convert to:  (a) preferred E-Fuel shares at the time of E-Fuel's

3 next equity financing, provided such equity financing occurred on or before the "Maturity

4 Date;" (b) to preferred E-Fuel shares at the election of E-Fuel on the "Maturity Date;" or

5 (c) to common shares of E-Fuel upon the acquisition of E-Fuel prior to the "Maturity

6 Date."  Absent conversion of the March 2009 Note as set forth above, all principal and

7 accrued but unpaid interest thereon would become due and payable on the "Maturity

8 Date," defined as six months from the date of the March 2009 Note.

9      9.    On or about June 12, 2009, Fennie and E-Fuel extended the "Maturity Date"

10 for the September 2008 Note and the March 2009 Note (together, the "Notes") to June 3,

11 2011, by executing an Amendment to Convertible Promissory Notes.  A true and correct

12 copy of the Amendment to Convertible Promissory Notes is attached and incorporated

13 herein as **Exhibit C**.

14      10.    E-Fuel:  (a) did not obtain any further equity financing, (b) did not elect to

15 convert the Notes, and (c) was not acquired, by the extended "Maturity Date" of June 3,

16 2011, nor did E-Fuel pay the principal and interest under the Notes that were then due and

17 payable to Fennie.  No payment having then been received, on June 21, 2011, counsel for

18 Fennie, Louis J. Micca, Esq., wrote to E-Fuel demanding payment for the principal and

19 interest due and owing under the Notes.

20      11.    Following Fennie's demand, E-Fuel has failed and refused to pay Fennie any

21 of the principal and interest due under the Notes.

22                           **FIRST CAUSE OF ACTION**

23             **(Breach of Contract – September 2008 Note)**

24      12.    Fennie incorporates, as though fully set forth herein, the allegations

25 contained in paragraphs 1 through 11, inclusive, of this Complaint.

26      13.    Plaintiff has performed or satisfied all conditions and covenants required of

27 it under the September 2008 Note, except those for which it has been prevented from

28 performing or satisfying, or from which it has been excused.

1       14.    Defendant has materially breached the September 2008 Note by, among

2 other things, failing to make payment to Plaintiff of the amounts due and owing, including

3 all interest payments and principal repayment, in an amount of not less than $250,000 in

4 principal and interest at the rate of four percent (4%) per annum, as required by the terms

5 of the September 2008 Note upon its maturity on June 3, 2011.

6       15.    As a direct consequence of Defendants' breach of the contract, Plaintiff has

7 suffered substantial damages in an amount of at least $250,000, plus interest of 4 percent

8 per annum, with the exact amount to be proven at trial.

9       WHEREFORE, Fennie prays for judgment as set forth below.

10                             **SECOND CAUSE OF ACTION**

11                     **(Breach of Contract – March 2009 Note)**

12       16.    Fennie incorporates, as though fully set forth herein, the allegations

13 contained in paragraphs 1 through 11, inclusive, of this Complaint.

14       17.    Plaintiff has performed or satisfied all conditions and covenants required of

15 it under the March 2009 Note, except those for which it has been prevented from

16 performing or satisfying, or from which it has been excused.

17       18.    Defendant has materially breached the March 2009 Note by, among other

18 things, failing to make payment to Plaintiff of the amounts due and owing, including all

19 interest payments and principal repayment, in an amount of not less than $100,000 in

20 principal and interest at the rate of 4 percent (4%) per annum as required by the terms of

21 the March 2009 Note upon its maturity on June 3, 2011.

22       19.    As a direct consequence of Defendants' breach of the contract, Plaintiff has

23 suffered substantial damages in an amount of at least $100,000, plus interest of 4 percent

24 per annum, with the exact amount to be proven at trial.

25       WHEREFORE, Fennie prays for judgment as set forth below.

26                                  **PRAYER**

27       WHEREFORE, Fennie prays for judgment in his favor and against Defendants,

28 jointly and severally, as follows:

1        1.     For damages in the amount of at least $350,000, plus interest at the rate of 4

2  percent (4%) per annum from the original dates of the Notes, with the exact amount to be

3  proved at trial;

4        2.     Costs of suit incurred herein; and

5        3.     Such other and further relief as the Court deems just and proper.

6

7  Dated:  October 8, 2013            RUTAN & TUCKER, LLP

8

9                                   By: _____

10                                     John L. Antracoli
                                 Allison G. Marrazzo

11                                   Attorneys for Plaintiff
                                 BRUCE W. FENNIE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          ## DEMAND FOR JURY TRIAL

2          Fennie hereby demands a jury trial in this action.

3

4    Dated:  October 8, 2013                    RUTAN & TUCKER, LLP

5

6                                               By: _____

7                                                    John L. Antracoli
                                                     Allison G. Marrazzo
                                                     Attorneys for Plaintiff
8                                                    BRUCE W. FENNIE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28